Case 3:21-mj-02204-LL   Document 1   Filed 06/01/21   PageID.1   Page 1 of 6



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Roberto Carlos ROCHA-Vega ) <br> Leopoldo TIENDA-Manzano, ) <br> ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Magistrate Docket No. '21 MJ02204 <br><br> <u>COMPLAINT FOR VIOLATION OF:</u> <br> Title 8, USC 1324(a)(1)(A)(i) Attempted Bringing In Illegal Aliens At Other Than Port Of Entry <br><br> Title 8, USC 1326 Attempted Entry After Deportation |

### COUNT ONE

The undersigned complainant being, duly sworn, states:

On or about May 29, 2021, within the Southern District of California, defendant Roberto Carlos ROCHA-Vega, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Salvador ALVAREZ-Contreras, Andres CEJA-Licea, Armando De Jesus GARIBAY-Garibay and Andres MORENO-Cota, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens at a place other than a designated Port Of Entry or place other than as designated by the commissioner; in violation of Title 8, United States Code, Section 1324(a)(l)(A)(i).

## COUNT TWO

On or about May 29, 2021, within the Southern District of California, defendant Leopoldo TIENDA-Manzano, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Ysidro, California, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Wesley Cornue
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON JUNE 1, 2021.

_____
HON. BARBARA L. MAJOR
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
Roberto Carlos ROCHA-Vega
Leopoldo TIENDA-Manzano

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

The complainant states that Salvador ALVAREZ-Contreras, Andres CEJA-Licea, Armando De Jesus GARIBAY-Garibay and Andres MORENO-Cota, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 29, 2021, Border Patrol Agent C. Suwansupha was conducting his assigned duties in the Imperial Beach Border Patrol Station's area of responsibility. At approximately 9:50 PM, Agent Suwansupha responded to Ballast Point, Point Loma Naval Base in San Diego, California. United States Coast Guard had intercepted a small vessel with 20 individuals and needed an immigration evaluation. Once Agent Suwansupha arrived at Ballast Point Naval Base, a Coast Guard Officer notified him that they had separated the driver of the vessel from the group, who was later identified as the defendant, Roberto Carlos ROCHA-Vega. Agent Suwansupha identified himself as a Border Patrol Agent and conducted an immigration inspection. All 20 individuals, including ROCHA, defendant Leopoldo TIENDA-Manzano and material witnesses, Salvador ALVAREZ-Contreras, Andres CEJA-Licea, Armando De Jesus GARIBAY-Garibay and Andres MORENO-Cota, stated that they are citizens of Mexico without any immigration documents allowing them to enter or remain in the United States legally. At approximately 10:50 PM, Agent Suwansupha placed all 20 individuals, including ROCHA, TIENDA, AGUILAR, CEJA, GARIBAY and MORENO, under arrest.

The defendant, Roberto Carlos ROCHA-Vega, was read his Miranda Rights. ROCHA stated that he understood his rights and was willing to talk without an attorney present. ROCHA stated that an individual named "Juan" told him to board the vessel, where he sat inside the cabin. ROCHA stated that the vessel disembarked from Ensenada, Mexico and arrived between two islands. ROCHA stated that the vessel began to have engine trouble and that one of the engines had failed. ROCHA stated that "Juan" disembarked the vessel and never returned. ROCHA stated that all of the passengers became concerned, because of the lack of food and water, so ROCHA decided to operate the boat. ROCHA admitted to being the captain of the boat, once "Juan" disembarked and that he guided himself by following other vessels that were making their way to land. ROCHA stated that his family in Arizona was going to pay his smuggling fee of $20,000 USD.

Material Witnesses, ALVAREZ, CEJA, GARIBAY and MORENO, admitted to being citizens

CONTINUATION OF COMPLAINT:
Roberto Carlos ROCHA-Vega
Leopoldo TIENDA-Manzano

of Mexico, illegally present in the United States, and not having any documents that would allow them to enter or remain in the United States legally. All four material witnesses admitted to making smuggling arrangements and agreed to pay between $17,000 USD and $18,500 USD. ALVAREZ stated that he made smuggling arrangements through GARIBAY and his brother. All four material witnesses were shown a photographic lineup. GARIBAY was not able to identify the captain of the vessel but identified ROCHA and MORENO as the only individuals that stayed on the deck of the vessel and never came down to the cabin. MORENO was able to identify ROCHA as the captain of the vessel once an individual by the name of "El Lluvia" left. CEJA was able to identify ROCHA as the captain of the vessel.

Routine record checks of the defendant, Leopoldo TIENDA-Manzano, revealed a criminal and immigration history. A comparison of TIENDA's criminal record and current fingerprints were used to determine TIENDA's record. Official immigration records of the Department of Homeland Security revealed TIENDA was previously deported to Mexico on November 29, 2018 through Nogales, Arizona. These same records show that TIENDA has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**Executed on May 31, 2021 at 11:00 AM.**

Jon D. Bowen
Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of two pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on May 29, 2021, in violation of 8 USC 1326.

HON. LINDA LOPEZ
United States Magistrate Judge

6:48 PM, May 31, 2021
Date/Time

CONTINUATION OF COMPLAINT:
Roberto Carlos ROCHA-Vega
Leopoldo TIENDA-Manzano

## AMENDED PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

The complainant states that Salvador ALVAREZ-Contreras, Andres CEJA-Licea, Armando De Jesus GARIBAY-Garibay and Andres MORENO-Cota, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 29, 2021, Border Patrol Agent C. Suwansupha was conducting his assigned duties in the Imperial Beach Border Patrol Station's area of responsibility. At approximately 9:50 PM, Agent Suwansupha responded to Ballast Point, Point Loma Naval Base in San Diego, California. The United States Coast Guard had intercepted a small vessel with 20 individuals and needed an immigration evaluation. Once Agent Suwansupha arrived at Ballast Point Naval Base, a Coast Guard Officer notified him that they had separated the driver, later identified as defendant Roberto Carlos ROCHA-Vega, from the rest of the individuals. Agent Suwansupha identified himself as a Border Patrol Agent and conducted an immigration inspection on the 20 individuals. Defendant ROCHA, an individual later identified as defendant Leopoldo TIENDA-Manzano, and four individuals, later identified as Material Witnesses Salvador ALVAREZ-Contreras, Andres CEJA-Licea, Armando De Jesus GARIBAY-Garibay, and Andres MORENO-Cota, stated that they are citizens of Mexico without any immigration documents allowing them to enter or remain in the United States legally. The remaining 14 individuals stated that they are citizens of Mexico without immigration documents allowing them to enter or remain in the United States legally. At approximately 10:50 PM, Agent Suwansupha placed all 20 individuals, including defendant ROCHA, defendant TIENDA, and Material Witnesses AGUILAR, CEJA, GARIBAY and MORENO, under arrest.

At the station, defendant Roberto Carlos ROCHA-Vega was read his Miranda Rights. ROCHA stated that he understood his rights and was willing to talk without an attorney present. ROCHA stated that an individual named "Juan" told him to board the vessel, where he sat inside the cabin. ROCHA stated that the vessel disembarked from Ensenada, Mexico and arrived between two islands. ROCHA stated that the vessel began to have engine trouble and that one of the engines had failed. ROCHA stated that "Juan" disembarked the vessel and never returned. ROCHA stated that all of the passengers became concerned, because of the lack of food and water, so ROCHA decided to operate the boat. ROCHA admitted to being the captain of the boat, once "Juan" disembarked and that he guided himself by following other vessels that were making their way to land. ROCHA stated that his family in Arizona was going to pay his

CONTINUATION OF COMPLAINT:
Roberto Carlos ROCHA-Vega
Leopoldo TIENDA-Manzano

smuggling fee of $20,000 USD.

Material Witnesses, ALVAREZ, CEJA, GARIBAY and MORENO, admitted to being citizens of Mexico, illegally present in the United States, and not having any documents that would allow them to enter or remain in the United States legally. All four material witnesses admitted to making smuggling arrangements and agreed to pay between $17,000 USD and $18,500 USD. ALVAREZ stated that he made smuggling arrangements through GARIBAY and his brother. All four material witnesses were shown a photographic lineup. GARIBAY was not able to identify the captain of the vessel but identified ROCHA and MORENO as the only individuals that stayed on the deck of the vessel and never came down to the cabin. MORENO was able to identify ROCHA as the captain of the vessel once an individual by the name of "El Lluvia" left. CEJA was able to identify ROCHA as the captain of the vessel.

Routine record checks of the defendant, Leopoldo TIENDA-Manzano, revealed a criminal and immigration history. A comparison of TIENDA's criminal record and current fingerprints were used to determine TIENDA's record. Official immigration records of the Department of Homeland Security revealed TIENDA was previously deported to Mexico on November 29, 2018 through Nogales, Arizona. These same records show that TIENDA has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.